Argued March 28, affirmed April 15, 1974

MELVIN, *Petitioner, v.* STATE BOARD OF
HIGHER EDUCATION, *Respondent.*

521 P2d 35

*Robert L. Ackerman,* Springfield, argued the cause for petitioner. With him on the brief were Babcock, Ackerman & Hanlon, Springfield.

*Timothy Wood,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and TANZER, Judges.

SCHWAB, C. J.

This appeal deals with the domiciliary requirements of the Oregon State Board of Higher Education which are a condition precedent to a student at the University of Oregon acquiring resident status for the purpose of qualifying for tuition rates available only to residents of Oregon. The issue arises on petition for judicial review of an order of the Permanent Administrative Review Committee of the Oregon State Board of Higher Education denying such status to petitioner.

■ Specifically, petitioner contends that Oregon Administrative Rule 30.120 (4) is unconstitutional in that it denies her equal protection and due process, and restrains her right to travel.

> "An emancipated student (as defined above) who comes to Oregon to attend an institution under the Board's control, and establishes an Oregon domicile, shall pay a non-resident fee unless he established his Oregon domicile at least six months prior to the time of his registration, and does not attend an Oregon institution of higher education, including a community college, during any part of such six month period; provided, however, that an emancipated student who did not establish his

Oregon domicile at least six months prior to his initial registration at the institution under the Board's control, and who pays non-resident fees for entire school year, and establishes domicile in Oregon for purposes of paying resident fees if the circumstances in his case are in accordance with the provisions of AR 30.125." (Parenthesis theirs.) OAR 30.120 (4).

OAR 30.125 (1) reads as follows:

"(1) A student's parent or legal guardian, or emancipated student, will be deemed to establish an Oregon domicile if he establishes and maintains a bona fide fixed and permanent residence in Oregon, with no intention of changing such residence to a place outside the State of Oregon when the school period expires. Factors that will be considered in determining if an Oregon domicile has been established are: abandonment of previous domicile, rental or purchase of a home, presence of family, presence of household goods, length of time in state, nature and permanence of employment, sources of financial support, ownership of property, place of voting, and payment of Oregon personal income taxes."

Petitioner's contentions have been decided adversely to her in *Starns v. Malkerson,* 326 F Supp 234 (D Minn 1970), which the United States Supreme Court affirmed without opinion at 401 US 985 (1971). *See also, Vlandis v. Kline,* 412 US 441, 93 S Ct 2230, 37 L Ed 2d 63, n 9 (1973), citing *Starns* with approval, and n 12 and accompanying text in *Memorial Hospital et al v. Maricopa County et al,* 415 US 250, 94 S Ct 1076, 39 L Ed2d 306 (1974). To the same effect see *West v. Bowers,* 11 Or App 364, 373-74, n 5, 502 P2d 270 (1972), Sup Ct *review denied* (1973).

■ Petitioner's only other contention is a factual one. The record does not support petitioner's con-

tention that she was emancipated and domiciled in Oregon from July 1972. The evidence shows that at all relevant times her parents lived in California, and she graduated from high school and lived in California until she came to Oregon in July of 1972 to enroll in the University of Oregon. The uncontroverted evidence is that her father claimed her as a dependent for income tax purposes for the calendar year 1972 and contributed the major portion of her support until June 11, 1973. This evidence is sufficient to support the committee's finding of fact that she did not qualify for resident status under OAR 30.120 (4).

Affirmed.