Argued and submitted June 3, 1985, reversed and remanded June 4, 1986

# BAILLIE,
## *Petitioner,*

*v.*

# STATE BOARD OF HIGHER EDUCATION,
## *Respondent.*

## (CA A33426)
719 P2d 1330

Ronald L. Marek, Corvallis, argued the cause and filed the briefs for petitioner.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

### ROSSMAN, J.

This is a petition for review of an order of the Permanent Review Committee of the State Board of Higher Education (Board). Petitioner's request to be treated as a resident student for tuition purposes was denied, because he had received financial support from parents who did not reside in Oregon. Petitioner challenges the validity of the administrative rules used by the Board to determine resident tuition, claiming that the classification scheme for resident student rates violates the Privileges and Immunities Clause of the Oregon Constitution and the Equal Protection and Due Process Clauses of the Fourteenth Amendment. Petitioner also claims error in the denial of his request for a hardship or exceptional merit exception to nonresident tuition. We reverse and remand.

Petitioner moved to Oregon in April, 1982, and was apparently self-supporting for the remainder of that year. He attended Portland Community College in the spring of 1983 and enrolled at Oregon State University in the fall of that year. He paid nonresident tuition at that time. Between spring, 1983, and winter, 1984, he contributed $1,200 to his own support and received $9,200 in financial support from his parents, who reside in Great Britain.

In the spring of 1984, petitioner attended Clackamas Community College, intending to return to Oregon State University in the fall. He filed with Oregon State University a petition for determination of residence status in April, 1984. When his request for resident student status was denied, he appealed to the Permanent Review Committee, which concluded from these facts that petitioner was unemancipated because his parents contributed to his support, that his parents resided outside Oregon and that he therefore could not be a resident for tuition purposes under the Board's rules.[1]

---

[1] In deciding who qualifies for resident tuition, the Board applies the following rules promulgated under its authority to prescribe fees. ORS 351.070.

OAR 580-10-015 provides, in pertinent part:

"Except as modified by section 580-10-025(1) a nonresident student is defined as:

"(1) An unemancipated student whose parent or legal guardian resides

Petitioner is currently a student at Oregon State University, where he pays nonresident tuition.

## I. DENIAL OF IN-STATE TUITION TO BONA FIDE RESIDENTS WHO RECEIVE FINANCIAL SUPPORT FROM NONRESIDENT PARENTS.

■        Petitioner argues that the Board may not deny in-state tuition to a student who is over 18 solely because he receives financial support from nonresident parents without any determination of the student's actual bona fide residence. He asserts that the rules violate Article I, section 20, of the Oregon Constitution, which provides:

> "No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens."

Petitioner also argues that the rules violate the Equal Protection Clause of the Fourteenth Amendment. Analysis of classification schemes under Article I, section 20, generally coincides with classification analysis under the Equal Protection Clause. *State v. Clark,* 291 Or 231, 243, 630 P2d 810 (1981); *City of Klamath Falls v. Winters,* 289 Or 757, 769 n 10, 619 P2d 217 (1980). The central and dispositive issue we extrapolate from petitioner's arguments is whether the Board has a legitimate purpose in classifying some students as nonresidents solely because their receipt of financial support from

---

outside of Oregon at the time of the student's registration; or

"(2)  An emancipated student who has not met the residency requirements of section 580-10-025(4) at the time of registration. An emancipated student is one whose residence is independent of that of parents or legal guardian, and who receives no financial support from parents or legal guardian."

OAR 580-10-025(4) provides, in pertinent part:

"An emancipated student who establishes an Oregon residence as determined by rule 580-10-030 shall pay a nonresident fee unless:

"(a)  The student establishes Oregon residence at least six months prior to the time of initial registration * * *."

OAR 580-10-030(1) defines "residence" for purposes of tuition and fee classification:

"Residence means a bona fide fixed and permanent physical presence established and maintained in Oregon, with no intention of changing residence to outside the state when the school period ends. Factors to be considered include abandonment of any prior out-of-state residence, rental or purchase of a home, presence of family, presence of household goods, length of time in state, nature and permanence of employment, sources of financial support, ownership of property, place of voting, and payment of Oregon personal income taxes."

nonresident parents indicates that they are not making a sufficient contribution to the state's economy.

The state has an interest in providing the subsidy of lower tuition only to bona fide residents; the legitimacy of this purpose is well recognized and is not questioned here. *See Vlandis v. Kline,* 412 US 441, 453, 93 S Ct 2230, 37 L Ed 2d 63 (1971); *Melvin v. Board of Higher Education,* 17 Or App 216, 218, 521 P2d 35 (1974). However, distinguishing between two classes of bona fide residents, which the state contends it may do under these rules, is not related to the purpose.

The state proffers a second governmental purpose to which its classification of residents does relate. By the definition of "emancipated student," the state seeks to provide the subsidy of lower tuition only to those whose financial support comes from income taxable in Oregon. The state claims a legitimate interest in restricting the subsidy to those whose "current contribution to the state's economy merits granting resident status for tuition purposes." Petitioner claims that that is not a legitimate purpose.

Classification of residents on the basis of their "contributions" to the state's economy has routinely been held to violate the Equal Protection Clause of the Fourteenth Amendment. *See Zobel v. Williams,* 457 US 55, 102 S Ct 2309, 72 L Ed 2d 672 (1982), and cases cited therein. We accept the reasoning in *Zobel* and apply it to our analysis, under Article I, section 20, of the classification of "emancipated" and "unemancipated" students. We conclude that the state has no legitimate purpose in denying tuition subsidies to bona fide residents who happen to receive financial support from nonresident parents. In reaching this conclusion, we do not intend to limit the Board's power to determine a student's place of residence by whatever rational standards it may choose.[2]

---

[2] We emphasize that source of support may be considered along with other factors in determining whether a student is a bona fide resident.

"* * * The State can establish such reasonable criteria for in-state status as to make virtually certain that students who are not, in fact, bona fide residents of the State, but who have come there solely for educational purposes, cannot take advantage of the in-state rates.* * *" *Vlandis v. Kline, supra,* 412 US at 453-54.

Thus, if an agriculture student receives financial support from parents who own and reside on a farm in Washington, the Board may properly consider that source of support in determining whether the student has "no intention of changing residence to outside the state when the school period ends." OAR 580-10-030(1).

Under the present rules, however, the Board makes no determination of a student's "residence," as that term is defined by OAR 580-10-030(1), if it first determines that the student is "unemancipated." A student whose "residence" would otherwise be in Oregon may thus be determined to be a nonresident for tuition purposes because, under the rule, he is "unemancipated" by virtue of his receiving financial support from nonresident parents. Because we have concluded that there is no legitimate purpose for such a denial, we hold that portion of OAR 580-10-015(2) which defines "emancipated student" as one "who receives no financial support from parents or legal guardian" to be in violation of Article I, section 20, Although it is redundant, there is nothing constitutionally objectionable in the portion of OAR 580-10-015(2) which defines "emancipated student" as "one whose residence is independent of that of parents or legal guardians." Petitioner is entitled to a hearing to determine whether his "residence," as defined by OAR 580-10-030(1), is in Oregon, Great Britain or elsewhere.

Because of our disposition under the state constitution, we do not reach petitioner's contentions that the rules violate the Equal Protection and Due Process provisions of the federal constitution.

## II.   DENIAL OF MERIT OR HARDSHIP EXCEPTION.

Petitioner was denied "resident student" status because he received financial support from parents who reside outside Oregon. Because the Permanent Review Committee never determined whether he meets the residence requirements of OAR 580-10-030(1), petitioner must return to the committee to seek such a determination, unless we find that the committee erred in not granting petitioner an exception based on hardship or exceptional merit.

OAR 580-10-045(1) provides, in pertinent part:

> "* * * In exceptionally meritorious or hardship cases, totaling not more than 5% of the nonresident enrollment of the institution concerned, this committee may allow exceptions to the rules."

The committee expressly found that petitioner had received $9,200 in support from his parents and had not applied for financial aid and that he had attained a grade point average of

3.27 during his one semester at Oregon State University. The committee concluded in its order that petitioner was not entitled to be declared a resident by exception, because there was no basis for a finding of hardship and insufficient basis for a finding of exceptional merit.

Petitioner argues that the committee in its order fails to demonstrate that its findings lead to a reasoned conclusion. The contention is without merit. A reviewing court must be satisfied that the agency has exercised its judgment in drawing an inference from a fact in evidence, but when the rational nexus between fact and inference is obvious, the agency need not expressly set forth its reasoning. *City of Roseburg v. Roseburg Firefighters,* 292 Or 266, 271, 639 P2d 90 (1981). Here, the absence of hardship was an inference obviously drawn from the committee's finding that petitioner had received $9,200 from his parents and had failed to apply for financial aid. Similarly, the conclusion that there was an insufficient basis for a finding of exceptional merit was obviously drawn from the fact that petitioner had achieved only slightly better than a B average during his only semester at Oregon State University. We are satisfied that the committee exercised its judgment in drawing conclusions of law from its findings.

Petitioner also claims that the Board was required to define by rule the phrase "exceptionally meritorious or hardship cases" before applying it to him. He argues that imprecise terms created by agency rule must be defined by rule. As the Supreme Court recently made clear, an agency's authorizing statutes will determine whether the agency must define *statutory* terms by rule in advance of an individual's adjudication under those terms. *Trebesch v. Employment Division,* 300 Or 264, 267, 710 P2d 136 (1985). However, nothing in *Trebesch,* or in the cases cited by petitioner, suggests that the terms "exceptionally meritorious or hardship cases" must be defined by rule rather than by a well-reasoned order in an adjudicatory setting. The Board did not err in failing to define the terms by rule before applying them to petitioner.

Reversed and remanded for determination of whether petitioner meets the requirements of residence expressed in OAR 580-10-030(1).